**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KIMBERLY MORRIS, ALGER JASON RYAN MORRIS, JAMES BAKER, and EDITH BAKER, individually and on behalf of all others similarly situated, | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Plaintiffs, | |
| vs. | |
| KENNETH DEAN SUGARMAN, BANK OF AMERICA, N.A., and JOHN AND JANE DOES 1-25, | |
| Defendants. | |

Plaintiffs, Kimberly Morris, Alger Jason Ryan Morris ("Ryan Morris")

(collectively the "Morrises"), James Baker, and Edith Baker (collectively "Plaintiffs"),

individually and on behalf of all others similarly situated, seek in excess of $75,000 from

attorney, Kenneth Dean Sugarman ("Sugarman"), Bank of America, N.A. ("BOA") and

John and Jane Does 1-25 ("DOES"), based on a lawsuit Sugarman filed against them in

New York state court, in which he obtained a default judgment against them based on

false affidavits on behalf of a non-existent entity.

## PARTIES

1.      Plaintiff, Kimberly Morris is a natural person who at all relevant times

was a citizen of, and domiciled in, the State of Georgia.

2.      Plaintiff, Ryan Morris is a natural person who, at all relevant times was a

citizen of, and domiciled in the State of Georgia. Ryan Morris is Kimberly Morris's husband.

3.     Plaintiff, James Baker, is a natural person who at all relevant times was a citizen of, and was domiciled in, the State of Mississippi. James Baker is Kimberly Morris's father and Edith Baker's ex-husband.

4.     Plaintiff, Edith Baker, is a natural person who at all relevant times was a citizen of, and was domiciled in, the State of Georgia. Edith Baker is Kimberly Morris's mother and James Baker's ex-wife.

5.     Defendant, Kenneth D. Sugarman, is a natural person who at all relevant times was a citizen of, and was domiciled in, the State of New York.

6.     Sugarman resides at 652 Broadway #4 in the city and county of New York.

7.     Defendant, Bank of America, N.A., is a federally chartered bank with its headquarters at 100 North Tryon Street, Suite 170, Charlotte, North Carolina 28202.

8.     BOA provides banking services at a number of locations in the city and county of New York.

9.     BOA provides banking services at a location in Conyers, Georgia.

## JURISDICTION & VENUE

10.     The jurisdiction of this Court arises under 28 U.S.C. §§ 1332(a)(1) and 28 U.S.C. § 1367(b). The parties are completely diverse and the amount in controversy exceeds $75,000.

11.     Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b)

because a substantial part of the events giving rise to Plaintiffs' claims occurred within this federal judicial district, and because both Sugarman and BOA are subject to both general and specific personal jurisdiction in New York at the time this action was commenced.

## FACTS

12.     Sugarman is an attorney who has been licensed to practice law in New York since 1976.

13.     On February 11, 2021, Sugarman filed an action against the Plaintiffs herein in the Civil Court of New York County (Case No. CV-002410-21) (the "Lawsuit").

14.      The Lawsuit was captioned *Omega Factoring Alliance, as Assignee of Chef Creations L.L.C. Against James Baker, Edith Baker, Ryan Morris & Kimberly Baker Morris d b a One Source Foods*.  A true and correct copy of the summons and complaint is attached hereto as *Exhibit A*.

15.     The Lawsuit claimed that Plaintiffs owed $24,000 to a company called Chef Creations LLC and that "Right, Interest, and Title to this Receiveable was subsequently transferrred from Chef Creations LLC, the Assignor, to Omega Factoring Alliance, the Assignee.

16.     Sugarman's allegation that Chef Creations LLC has assigned a receivable to Omega Factoring Alliance was false.

**Omega Factoring Alliance**

17.     When Sugarman filed the Lawsuit, Omega Factoring Alliance ("Omega")

was a non-existent entity, incapable of receiving assignments of receivables.

18.     Sugarman has been filing cases in New York County on behalf of Omega since at least 2004.

19.     Until January 20, 2023, Omega was not organized as a corporation, limited liability company, or any other legally recognized corporate form.

20.     Omega has never been registered as the fictitious name of any natural or artificial person.

21.     It was only after Plaintiffs became aware of the Lawsuit and after Plaintiff, Kimberly Morris, inquired as to Omega's legal status that Sugarman registered Omega as a New York corporation.

***The Lawsuit's Venue***

22.     Sugarman's summons identified "970 Meeker Avenue (2nd floor), Brooklyn, NY 11222" as Omega's address.

23.     The summons stated the basis of venue was "plaintiff's principal place of residence is within New York City."

24.     Venue in the State of New York is based on county not city. NY CPLR 503.

25.     Brooklyn is in King's County.

26.     Instead of bringing the Lawsuit in King's County, where Omega was purportedly located, Sugarman brought it in New York County, the county in which he resides.

*Personal Jurisdiction*

27.    Sugarman's complaint did not state how a New York county court has

personal jurisdiction over three Georgia residents and one Mississippi resident.

28.    When Sugarman filed the Lawsuit, none of the Plaintiffs herein had any

recent personal or business ties to New York.

*One Source Foods*

29.    Sugarman's summons and complaint named the Plaintiffs herein solely in

their individual capacities as "d b a One Source Foods." *Exhibit A*

30.    "One Source Foods" is a non-existent entity.

31.    At all relevant times, One Source Foods, LLC ("One Source") was a

limited liability company formed under Georgia law.

32.    Plaintiff Kimberly Morris was and is the sole managing member of One

Source.

33.    One Source is one of the very few woman-owned businesses in the United

States that distributes meat and poultry products.

34.    One Source has never registered "One Source Foods" as a fictitious name.

35.    Kimberly Morris has never done business as "One Source Foods."

36.    When sued by Sugarman, Ryan Morris, Kimberly Morris's husband, was

not and had never been a member of One Source.

37.    Ryan Morris has never been involved with One Source in a managerial

capacity.

38.     Ryan Morris have never been involved in the day-to-day operations of

One Source.

39.      Ryan Morris has never done business as "One Source Foods."

40.     When sued by Sugarman, James Baker, Kimberly Morris's father, was not

and had never been a member of One Source.

41.     James Baker has never been involved with One Source in any managerial

capacity.

42.     James Baker has never been involved in the day to day operations of One

Source.

43.     In 2019, 2020, and 2021, One Source employed James Baker as an

independent, part-time consultant.

44.     James Baker has never done business as "One Source Foods."

45.     When sued by Sugarman, Edith Baker, Kimberly Morris's mother, was not

and had never been a member of One Source.

46.     Edith Baker has not been involved with One Source in any managerial

capacity since July 2018.

47.     In 2020 and 2021, One Source employed Edith Baker part-time to help out

around the office.

48.     Edith Baker has never done business as "One Source Foods."

*Service and Default Judgment*

49.     On June 2, 2022, Sugarman secured a default judgment against Plaintiffs for $30,736.84. A true and correct copy of the judgment is attached hereto as *Exhibit B*.

50.     Sugarman obtained the default judgment by falsely claiming that each of the Plaintiffs had been served with the summons and complaint.

51.     Plaintiffs herein were never served with Sugarman's summons and complaint.

52.     On Sugarman's summons, he listed two addresses for Plaintiffs herein: 2615 Westchester Parkway SE, Conyers, Georgia 30013; and 951 Peak St. NW, Conyers, Georgia 30012.

53.     Sugarman's affidavits of service attest that each Plaintiff was served at a third address, not listed on the summons: "1953 Peak Street NW, Conyers, Georgia 30013." Attached as *Exhibits C-D* are true and correct copies of the Affidavits of Service purporting to show that Kimberly Morris and Ryan Morris had each been served.

54.     The Affidavits of Service were false.

55.     The address at which Plaintiffs were allegedly served--1953 Peak Street NW, Conyers, Georgia 30013—does not exist. *Exhibit E*.

56.     On information and belief, the putative process server, Paul Tucker, did not serve the Affidavits of Service.

57.     On information and belief, the putative process server, Paul Tucker, did

not sign the Affidavits of Service.

58.     On information and belief, the putative notary public, Marc Allard, did

not notarize Mr. Tucker's signature on the affidavits of service.

*Enforcing the Judgment*

59.     Sugarman did not domesticate the judgment in Georgia.

60.     On October 14, 2022, Sugarman served BOA with a Restraining Notice

and Information Subpoena bearing the case number of the Lawsuit against Plaintiffs in

New York County.

61.     In response, BOA restrained a personal account containing funds

belonging to the Morrises at a BOA branch in Conyers, Georgia.

62.     BOA restrained the Morrises's account even though the account was

located in Georgia and Sugarman's New York judgment had not been domesticated in

Georgia.

*Plaintiffs' Response to the Lawsuit and Damages*

63.     Plaintiffs herein first learned of the Lawsuit, the default judgment, and

BOA's restraint of their account on or about October 27, 2022, when the Morrises

discovered a sum of money had been taken from their BOA account without their

authorization.

64.     Upon inquiry, BOA informed Kimberly Morris that their account had

been frozen at a result of Sugarman having obtained a judgment against them.

65.     Kimberly Morris subsequently contacted Sugarman by telephone and email.

66.     After being informed by Ms. Morris of all the factual and legal defects in the summons, complaint, and affidavits of service, Sugarman refused to vacate the judgment or unfreeze the bank account she shared with Ryan Morris.

67.     Upon Ms. Morris's inquiry, Sugarman refused to disclose any information about Omega and its legal entitlement to money from Plaintiffs and its legal entitlement to bring a lawsuit against Plaintiffs.

68.     Plaintiffs subsequently retained counsel, who filed a successful motion for an order to show cause as to why the Morrises' garnished money should not be returned to them. *Exhibit F*.

69.     Rather than defend the default judgment, Sugarman ultimately stipulated to the vacatur of the judgment and dismissal of the Lawsuit with prejudice.

70.     On November 1, 2022, Kimberly Morris sent a fax to BOA, demanding that BOA release the hold on the Morrises' account. A true and correct copy of the fax is attached hereto as *Exhibit G,* except the undersigned has redacted portions to protect Plaintiff's privacy.

71.     BOA refused Ms. Morris's demand to release the account and it remained restrained for approximately four months, until March 7, 2023.

72.     Without access to the funds in their bank account, Plaintiffs were forced to

curtail their celebrations of certain milestones and holidays, including Edith Baker's

80th birthday, the Morrises' oldest son's 16th birthday, Christmas, and the Morrises'

nineteenth wedding anniversary, causing them deep emotional distress.

73.     Without access to the funds in the bank account, the Morrises were unable

to timely pay state and federal taxes on their personal income, causing them to incur

penalties.

74.     Without access to the funds in their bank account, the Morrises deferred

purchasing another vehicle for the family.

75.     Plaintiffs experienced emotional distress as a result of Sugarman's lawsuit

and the sudden and unexpected restraint of the bank account.

76.     Their emotional distress resulted from:

(a)     being sued by an entity they had never heard of;

(b)     in a state to which they had no connection, located hundreds of

        miles from where they lived;

(c)     without notice of the Lawsuit;

(d)     having a default judgment entered against them for a sizeable

        amount of money for an obligation they did not owe;

(e)     based on patently false affidavits of service;

(f)     resulting in one bank account being restrained;

(g)     with the possibility of more bank accounts being restrained.

77. The Morris's also became concerned about their physical safety and that of their children.

78. Kimberly Morris experienced severe stress and anxiety that manifested itself physically in difficulty sleeping and the development of eating problems.

79. Ryan Morris suffered emotional distress, including anger, stress and anxiety, and helplessness.

80. The Lawsuit also strained the Morris's marriage.

81. James Baker experienced concern about the financial and physical welfare of his daughter, son-in-law, and grandchildren.

82. Edith Baker experienced concern about the financial and physical welfare of her daughter, son-in-law and grandchildren.

### CLASS ALLEGATIONS

83. Sugarman's suit against Plaintiffs was not an isolated event. Sugarman has been filing suits on behalf of Omega since at least 2004 against persons who do not reside in New York. Consequently, this action is brought by Plaintiffs, both individually and on behalf of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

84. *Class Definition.* Plaintiffs bring this action on behalf of two classes. The New York Judiciary Law § 487 Class is defined as:

> (a) All individuals (b) with addresses outside the State of New York (c) whom Kenneth Dean Sugarman sued (d) on behalf of Omega Factoring Service (e) during the Class Period

beginning [six years before the filing of this Complaint] and ending on January 19, 2023.

85.  The New York General Business Law § 349 Class is defined as:

(a) All individuals (b) with addresses outside the State of New York (c) whom Kenneth Dean Sugarman sued (d) on behalf of Omega Factoring Service (e) during the Class Period beginning [three years before the filing of this Complaint] and ending on January 19, 2023.

86.  The identities of the Class members are readily ascertainable from Sugarman's business records.

87.  ***Class Claims.*** The Class Claims are the claims which each Class member may have for any violation of Judiciary Law § 487 or General Business Law § 349 arising from Sugarman having sued them on behalf of Omega.

88.  This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)  ***Numerosity.*** On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

(b)  ***Common Questions Predominate.*** Common questions of law and fact exist as to all members of the Class and those questions predominate over any issues involving only individual class members because those questions concern the same conduct by

Defendant with respect to each Class member.

(c)     ***Typicality.*** Plaintiffs' claims are typical of those of the Class

members because those claims arise from a common course of

conduct engaged in by Sugarman.

(d)     ***Adequacy.*** Plaintiffs will fairly and adequately protect the interests

of the Class members insofar as they have no interests that are

adverse to those of  the Class members. Moreover, Plaintiffs are

committed to vigorously litigating this matter and have retained

counsel experienced in handling consumer lawsuits and class

actions.

89.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil

Procedure is appropriate in that the questions of law and fact common to the Class

members predominate over any questions affecting individual members, and a class

action is superior to other available methods for the fair and efficient adjudication of the

controversy.

90.     Based on discovery and further investigation (including, but not limited

to, disclosure by Sugarman of class size and net worth), Plaintiffs may seek class

certification: (a) only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4);

(b) using a modified definition of the Class or the Class Claims; or (c) using a different

Class Period.

## COUNT I – NEW YORK JUDICIARY LAW § 487

91.      The allegations in paragraphs 1-82 are incorporated by reference and realleged.

92.      This claim is brought by all Plaintiffs against Sugarman.

93.      Sugarman violated New York Judicial Law § 487, which prohibits an attorney to engage in deceit with intent to deceive the court.

94.      Sugarman violated § 487 by:

   (a)      Bringing the Lawsuit on behalf of a non-existent entity;

   (b)      Asserting claims in a New York court against persons without any connection to New York;

   (c)      Falsely claiming that persons owe money to pay money to a non-existent entity;

   (d)      Filing affidavits of service falsely purporting to show that Plaintiffs had been served with the summons and complaint, obtaining a default judgment thereby.

95.      Sugarman commited the foregoing acts willfully and knowingly.

96.      Sugarman has been filing cases on behalf of Omega since 2004, demonstrating a chronic pattern of extreme and egregious deceit with the intent to deceive the court.

97.      Plaintiffs were damaged by Sugarman's false and deceptive acts.

## COUNT II – NEW YORK GENERAL BUSINESS LAW § 349

98.     The allegations in paragraphs 1-82 are incorporated by reference and realleged.

99.     This claim is brought by all Plaintiffs against Sugarman.

100.    The Lawsuit was materially deceptive.

101.    The Lawsuit was "consumer oriented" because it was directed at Plaintiffs personally and not the putative obligor, One Source.

102.    Plaintiffs were harmed by the Lawsuit. Kimberly Morris and Ryan Morris had their personal bank account restrained, depriving them of needed funds to pay taxes and other expenses. Plaintiffs were required to pay an attorney in New York to get the judgment vacated and the case dismissed. Plaintiffs suffered emotional distress at Sugarman's illegal lawsuit and subsequent improper restraint of the bank account belonging to Kimberly Morris and Ryan Morris.

## COUNT III – MALICIOUS PROSECUTION

103.    The allegations in paragraphs 1-82 are incorporated by reference and realleged.

104.    This claim is brought by Plaintiffs, Kimberly Morris and Ryan Morris, against Sugarman for malicious prosecution under New York law.

105.    Sugarman commenced and prosecuted the Lawsuit against Plaintiffs.

106.    The Lawsuit was terminated with a stipulated dismissal with prejudice in Plaintiffs' favor.

107.    Sugarman had no basis to file or prosecute the Lawsuit against Plaintiffs because:

      (a)    He knew Omega did not exist;

      (b)    He knew Plaintiffs had no connection to New York and therefore the court had no personal jurisdiction over them;

      (c)    He knew or should have known that there was no such entity as "One Source Foods" and that Plaintiffs did not do business as "One Source Foods";

      (d)    He knew Plaintiffs were never served with the summons and complaint when he obtained the default judgment against them;

      (e)    He knew the affidavits of service were false.

108.    Kimberly Morris and Ryan Morris were injured in that the Lawsuit and the default judgment caused them to lose access to funds in their joint personal bank account for a period of up to three and half months.

## COUNT IV – ABUSE OF PROCESS

109.    The allegations in paragraphs 1-82 are incorporated by reference and realleged.

110.    This claim is brought by Plaintiffs, Kimberly Morris and Ryan Morris, against Sugarman for abuse of process under New York law.

111.    On behalf of a non-existent entity, Sugarman filed the summons and complaint, seeking $24,000 plus interest and costs from Plaintiffs.

112.    Sugarman purpose in bringing the lawsuit was to harm plaintiffs by obtaining money from them even he knew they did not owe Omega or its "assignor" anything.

113.    Sugarman brought the lawsuit in New York County in order to obtain an collateral advantage over Plaintiffs, who lived 900 miles away.

114.    Sugarman brought the lawsuit on behalf of a non-existent entity to gain a collateral advantage over Plaintiffs.

115.    Sugarman obtained a default judgment against Plaintiffs based on false affidavits of service in order to obtain a collateral advantage over Plaintiffs.

116.    Kimberly Morris and Ryan Morris were injured in that the Lawsuit and the default judgment caused them to lose access to funds in their joint personal bank account for a period of up to three and half months.

## V.   CONVERSION

117.    The allegations in paragraphs 1-82 are incorporated by reference and realleged.

118.    This claim is brought by Plaintiffs, Kimberly Morris and Ryan Morris, against BOA for conversion under Georgia law.

119.    The Morrises deposited money into a joint, personal BOA account in Georgia.

120.    BOA wrongfully seized control of the Morrises' money in the account in response to being presented with an undomesticated default judgment.

121.     The Morrises demanded that BOA release the funds in the account.

122.     BOA refused the Morrises' demand and distributed the funds to

Sugarman.

123.     The Morrises were damaged by BOA's conversion of their funds in that

they lost access to crucial funds for a period of approximately four months.

**PRAYER FOR RELIEF**

124.     WHEREFORE, Plaintiffs request judgment against Defendants.

Specifically, Plaintiffs request entry of an order:

   **A.     *As to Count I:***

   (a)     Certifying this action as a class action pursuant to Rule 23(c)(1)(A)

           of the Federal Rules of Civil Procedure including, but not limited

           to, defining the Class and the Class claims, issues, or defenses, and

           appointing the undersigned counsel as class counsel pursuant to

           Rule 23(g);

   (b)     Awarding compensatory damages to Plaintiffs and the Class;

   (c)     Awarding treble damages to Plaintiffs and the Class;

   (d)     Awarding incentive payments to Plaintiffs for their services on

           behalf of the Class;

   (e)     Requiring such other and further relief as may be just and proper.

   **B.     *As to Count II:***

   (a)     Certifying this action as a class action pursuant to Rule 23(c)(1)(A)

of the Federal Rules of Civil Procedure including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel pursuant to Rule 23(g);

(b)     Awarding actual and statutory damages to Plaintiffs and the Class;

(c)     Awarding incentive payments to Plaintiffs for their services on behalf of the Class;

(d)     Awarding attorney's fees, litigation expenses, and costs under New York Civil Practice Law and Rules 909.

(e)     Awarding, to the extent the recovery of attorney's fees, litigation expenses, and costs causes Plaintiffs or the Class a negative tax consequence, a sum sufficient to ameliorate such consequences; and

(f)     Providing for such other and further relief as may be just and proper.

## C.     As to Count III:

(a)     Awarding compensatory damages to Plaintiffs, Kimberly Morris and Ryan Morris;

(b)     Awarding punitive damages to Plaintiffs, Kimberly Morris and Ryan Morris;

(c)     Providing for such other and further relief as may be just and proper.

*D.*     *As to Count IV:*

(a)     Awarding compensatory damages to Plaintiffs, Kimberly Morris and Ryan Morris;

(b)     Awarding punitive damages to Plaintiffs, Kimberly Morris and Ryan Morris;

(c)     Providing for such other and further relief as may be just and proper.

*E.*     *As to Count V:*

(a)     Awarding compensatory damages to Plaintiffs, Kimberly Morris and Ryan Morris;

(b)     Awarding punitive damages to Plaintiffs, Kimberly Morris and Ryan Morris.

## JURY DEMAND

125.    Trial by jury is demanded on all issues so triable.

DATED:  October 23, 2023

_____
Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
Telephone: (516) 522-2621
Facsimile: (888) 522-1692
Email: akleinman@kleinmanllc.com

Francis R. Greene
GREENE CONSUMER LAW

1954 First St. #154
Highland Park, IL 60035
Telephone: 312-847-6979
Facsimile: 312-847-6978
Email: francis@greeneconsumerlaw.com

*Attorneys for Plaintiffs, Kimberly Morris, Alger*
*Jason Ryan Morris, James Baker, and Edith Baker*